IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TOGO'S EATERIES, INC., et al.,

    Plaintiffs,                    No. CIV S-05-1076 WBS KJM

    vs.

TBR DEVELOPMENT, et al.,

    Defendants.                 FINDINGS & RECOMMENDATIONS

_____/

        Plaintiffs' motion for entry of default judgment against defendants TBR Development ("TBR") and Fearon is pending before the court. Upon review of the motion and the supporting documents and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

        The amended complaint in this matter was served upon defendant TBR on October 23, 2005 and upon defendant Fearon on October 25, 2005. Compare Pacific Atlantic Trading Co. v. M/V Main Express, 758 F.2d 1325, 1331 (9th Cir. 1985) (default judgment void without personal jurisdiction). Defendants have not filed an answer. The Clerk of the Court entered defaults against these defendants on November 22, 2005. Notices of plaintiffs' present motion for entry of default judgment, which includes plaintiffs' itemized requests for damages, fees and costs, were served by mail on defendants at their last known addresses. Defendants

1

have filed no opposition to the motion for entry of default judgment.

Entry of default effects an admission of all well-pleaded allegations of the complaint by the defaulted party. Geddes v. United Financial Group, 559 F.2d 557 (9th Cir. 1977). Entry of default judgment is proper where, as in the present case, the facts established by the default support the causes of action pled in the complaint. The complaint and the affidavits filed in support of the motion for entry of default judgment also support the finding that plaintiffs are entitled to the relief in the form requested in the prayer for default judgment, which does not differ in kind from the relief requested in the complaint. Henry v. Sneiders, 490 F.2d 315, 317 (9th Cir. 1974). There are no policy considerations that preclude the entry of default judgment of the type requested. See Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (listing seven factors to be considered in determining entry of default judgment).

In view of the foregoing findings, it is the recommendation of this court that plaintiffs' motion for entry of default judgment against defendants TBR and Fearon be GRANTED and that damages be awarded as follows:

(1) against TBR and Fearon, jointly and severally, and in favor of Togo's in the amount of $64,545.36 under the Franchise Agreements;

(2) against TBR and in favor of Togo's in the amount of $104,610.46 under the Security Agreement;

(3) against TBR and Fearon, jointly and severally, and in favor of Baskin-Robbins in the amount of $11,765.70 under the Fairfield Franchise Agreement.

This court also recommends that attorneys' fees and costs be awarded against TBR and Fearon, jointly and severally, and in favor of Togo's/Baskin-Robbins in the amount of $19,657.82.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within ten days after being served with these findings and recommendations, any party may file written objections

with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED:  April 3, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

006
togos.defjud